UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUIS MENDOZA,

    Plaintiff,

v.                                                    Case No. 5:22-cv-271-TKW/MJF

OFFICERS GUILFORD and KASPER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On February 10, 2023, the undersigned ordered Plaintiff to provide to the clerk of the court two service copies of his second amended complaint. Doc. 13. The undersigned imposed a deadline of March 3, 2023 and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

Instead, on March 8, 2023, the clerk of the court received a letter from Plaintiff. *See* Doc. 14. Plaintiff requested that the court provide service copies on Plaintiff's behalf because he could not afford to do so. Because Plaintiff's letter violated the Federal Rules of Civil Procedure and the Local Rules of the United

States District Court for the Northern District of Florida, the undersigned ordered the clerk of the court to return the letter to Plaintiff without filing the letter on the court's electronic docket. The undersigned also advised Plaintiff that although he is proceeding *in forma pauperis*, Plaintiff remains responsible for costs associated with this litigation, including the cost of providing service copies. *Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) ("There is no provision in [§ 1915] for the payment by the government of the costs of . . . litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); *James v. Miller*, No. 2:21-cv-3984, 2021 WL 3722778, at *5 (S.D. Ohio Aug. 23, 2021).

On March 29, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of February 10, 2023. Doc. 15. The undersigned imposed a deadline of April 12, 2023, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing

the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff failed to comply with two court orders and failed to prosecute this action. Accordingly, dismissal of this civil action is appropriate.

### III.  CONCLUSION

Because Plaintiff failed to comply with two court orders and has failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this action without prejudice.

2.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 27th day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting**

**party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**